**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO**

ANDRES JOAQUIN TAFOYA,

       Petitioner,

v.                                           No. CV 17-379 RB/CG

RICK MARTINEZ,

       Respondent.

## PROPOSED FINDINGS AND RECOMMENDED DISPOSITION

     **THIS MATTER** is before the Court on Petitioner Andres Joaquin Tafoya's

*Petition for Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2254* (the "Petition"), (Doc.

1), filed March 27, 2017, and Respondent's *Supplemental Answer to Andres Joaquin*

*Tafoya's Petition for Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2254 [Doc. 1]* (the

"Response"), (Doc. 29), filed May 3, 2018. Mr. Tafoya did not file a reply within the

deadlines set by the Court for him to do so. Also before the Court is *Respondent's*

*Motion for Judgment on the Pleadings, Pursuant to Federal Rule of Civil Procedure*

*12(c)*, (Doc. 40), filed October 4, 2018, and Mr. Tafoya's response, (Doc. 43), filed

October 22, 2018. United States District Judge Robert C. Brack referred this case to

Chief United States Magistrate Judge Carmen E. Garza to perform legal analysis and

recommend an ultimate disposition. (Doc. 5).

     After considering the parties' filings, the record, and the relevant law, the Court

**RECOMMENDS** that Respondent's *Motion for Judgment on the Pleadings*, (Doc. 40),

be **GRANTED**; the Petition, (Doc. 1), be **DENIED**; and this case be **DISMISSED WITH**

**PREJUDICE**.

## I.    Background

On January 27, 2005, Mr. Tafoya was charged by grand jury in the Second Judicial District Court, County of Bernalillo ("State district court" or "trial court"), with four counts of first-degree criminal sexual penetration of a minor ("CSPM") (Counts 1, 2, 3, and 4); two counts of third-degree criminal sexual contact of a minor ("CSCM") (Counts 5 and 6); and bribery of a witness (Count 7). (Doc. 29-1 at 5-7). The CSPM and CSCM counts were further narrowed as follows: two counts of vaginal CSPM, two counts of anal CSPM, one count of CSCM for touching the victim's intimate parts, and one count of CSCM for causing the victim to touch Mr. Tafoya's intimate parts. *Id.* at 5-6. The victim was Mr. Tafoya's niece. (Doc. 29 at 2). The charging period in the indictment was between January 24, 2002 and December 31, 2004, (Doc. 29-1 at 5-7), which was later narrowed to between September 30, 2002 and December 26, 2004, (*id.* at 9-11, 14-18).

On March 9, 2006, Mr. Tafoya filed with the State district court a Motion to Dismiss for Failure to Give Adequate Notice of Charges, in which he argued the broad charging period, even after being narrowed, and the lack of specificity in the charges themselves, amounted to a violation of his right to due process. *Id.* at 19-30. In May 2006, the State district court issued a detailed order denying the motion. *Id.* at 33-42. The State district court first clarified that the factual bases for the charges against Mr. Tafoya stemmed from four specific incidents referred to as "the Hooter's incident," "the rash incident," "the mouth covering incident," and "the last time or Christmastime incident." *Id.* at 35-36. Two other specific incidents identified by the victim—the "first time incident" and the "camping incident"—were excluded by the State district court

because the first time incident was outside of the charging period and the camping incident occurred outside of the State district court's jurisdiction. *Id.* at 41.

Next, the State district court weighed the reasonableness of the State's efforts to narrow the charging period against the potential prejudice to Mr. Tafoya based on the lengthy timeframe. *Id.* at 36. In doing so, the State district court considered the following: (1) the crimes were alleged to have occurred while the victim was between the ages of five and seven, and multiple interviews with her demonstrated she did not have the capacity to provide more particular dates or time periods; (2) the alleged incidents occurred on a continuous basis and were not a few isolated events; (3) although the extent to which Mr. Tafoya had frequent and unsupervised access to the victim was disputed, it was not disputed that he was often present in the same residence as her during the daytime and overnight; (4) the charged offenses did not occur in the presence of other witnesses and were not of the sort that were likely to be discovered immediately; and (5) according to the victim's statements, she was abused at least seventeen times. *Id.* at 36-37. The State district court further considered Mr. Tafoya's claim that the long charging period and lack of specificity in the charges precluded him from presenting an alibi defense. *Id.* at 38. The court noted that Mr. Tafoya's evidence of an alibi—such as bank records, cell phone records, employment records, and vacation records—would require extremely narrow time frames, such as specific dates, in order to be effective. *Id.*

The State district court explained that it is required to "balance the imperative to provide reasonable notice of charges against the Defendant and the need to allow the State reasonable leeway in prosecuting crimes committed against children of tender

years." *Id.* The court found that "the State cannot reasonably have provided greater specificity of the times of the alleged offenses," and the "prejudice claimed by the Defendant is not different from most other defendants who are charged with similar offenses against young children because in almost all such cases the young child does not have the capacity to specify particular dates and times of the alleged sexual abuse." *Id.* The court further explained that Mr. Tafoya "is protected by the requirement that the jury must find him guilty beyond a reasonable doubt and the jury may be affected by the witness's inability to specify the exact day and time of the alleged crime and the subsequent inability of the defendant to establish an alibi defense." *Id.* at 40. The State district court concluded that the "sexual acts alleged were described by the child with adequate specificity to place [Mr. Tafoya] on notice of the criminal acts which he is charged with," and denied Mr. Tafoya's Motion to Dismiss for Failure to Give Adequate Notice of Charges. *Id.* at 41.

On May 24, 2007, a jury found Mr. Tafoya guilty of Counts 1-6. *Id.* at 1-4.[1] Mr. Tafoya was sentenced to 18 years each for Counts 1, 2, 3, and 4, and 3 years each for Counts 5 and 6. *Id.* at 2. The sentences for Counts 1, 2, 3, and 4 were to run concurrently to each other and consecutively to each of the sentences for Counts 5 and 6, for a total term of imprisonment of 24 years, to be followed by a 2-year term of parole. *Id.* at 2-3. Mr. Tafoya filed a direct appeal of his convictions with the New Mexico Court of Appeals ("Court of Appeals"), raising the following claims: (1) the charging scheme provided inadequate notice as to the precise charges against him and the covered period of time; (2) the trial court improperly instructed the jury; (3) the trial court erroneously admitted hearsay testimony from Sexual Assault Nurse Examiner ("SANE")

---

[1] Count 7 was dismissed during trial. *See* (Doc. 29-7 at 101).

Rosella Vialpondo; and (4) the prosecutor engaged in multiple instances of misconduct. (Doc. 29-2 at 30-58).

The Court of Appeals entered an order on September 11, 2009, affirming in part and reversing in part Mr. Tafoya's convictions. (Doc. 29-3 at 29-77); *State v. Tafoya*, 2010-NMCA-010, 227 P.3d 92. The court found no error in the State's charging scheme, stating that it "agree[d] that the district court struck a proper balance in weighing the reasonableness of the State's extensive efforts against the potential prejudice to Defendant." *Tafoya*, 2010-NMCA-010, ¶¶ 18. However, the Court of Appeals found that the two undifferentiated counts of vaginal CSPM and two undifferentiated counts of anal CSPM "ultimately violated Defendant's right to due process" because the evidence at trial did not link each CSPM charge to one of the four specific incidents set forth in the trial court's May 2006 order. *Tafoya*, 2010-NMCA-010, ¶ 24. The Court of Appeals found no due process violations in the remaining counts of vaginal and anal CSPM "based on the evidence presented at trial establishing a pattern of CSPM conduct during the charging period for which [Mr. Tafoya] had notice and an opportunity to defend." *Id.* The court further found that the trial court did not err in instructing the jury or in admitting hearsay testimony under the exception permitting statements made for medical purposes, and that the alleged prosecutorial misconduct did not deprive Mr. Tafoya of a fair trial. *Id.* at ¶¶ 31-60.

Mr. Tafoya filed a motion for rehearing with the Court of Appeals, (Doc. 29-3 at 79-111), which was denied, (*id.* at 112). Mr. Tafoya then filed a petition for a writ of certiorari with the New Mexico Supreme Court, (Doc. 29-4 at 1-23), which was denied on December 23, 2009, (Doc. 29-5 at 1). The Court of Appeals issued a mandate,

pursuant to which the State district court dismissed Counts 2 and 4. *Id.* at 2-4. The State district court then resentenced Mr. Tafoya to the same 24 years imprisonment and 2 years parole as he was originally sentenced. *Id.* at 5-8.

On July 27, 2012, Mr. Tafoya filed a petition for a writ of habeas corpus in the State district court, raising the following claims: (1) his right to due process was violated because the charging scheme lacked specificity in the dates and nature of the charges, and because he was convicted on the basis of a "course of conduct" theory; (2) the trial court erroneously instructed the jury as to the psychological evaluation of the victim, the definition of "penetration," and the requirement for a unanimous verdict; (3) the trial court improperly admitted Ms. Vialpondo's testimony; and (4) the prosecutor engaged in misconduct by introducing inadmissible evidence of uncharged acts, denigrating and disparaging defense counsel, misstating her role as a defender of the victim, commenting on Mr. Tafoya's exercise of his constitutional rights, and posing a guilt-assuming hypothetical question to Mr. Tafoya when he testified. *Id.* at 9-51. The State district court initially denied the petition, (*id.* at 77), and Mr. Tafoya filed a motion to reconsider, (Doc. 29-6 at 1-14). The State district court granted the motion to reconsider and held an evidentiary hearing on the issues of whether Ms. Vialpondo's testimony was properly admitted and whether the prosecutor engaged in misconduct by allegedly admitting this testimony for the sole purpose of establishing the victim's story. *Id.* at 15-55. Ultimately, the State district court denied the habeas petition, finding that Mr. Tafoya was barred from relitigating claims already ruled on by the Court of Appeals, there were no errors relating to the admission of the SANE testimony, and the prosecutorial misconduct claims should have been raised on direct appeal. *Id.* at 90-99.

Mr. Tafoya then filed a petition for a writ of certiorari with the New Mexico Supreme Court challenging the denial of his state habeas corpus petition, (Doc. 29-7 at 1-58), which was denied on May 9, 2016, (*id.* at 100). On March 27, 2017, Mr. Tafoya filed the instant Petition. (Doc. 1). Mr. Tafoya was represented by attorney Billy R. Blackburn for his state criminal trial, appeal, and habeas proceedings, and is currently represented by Mr. Blackburn for purposes of this federal habeas proceeding.

In his Petition, Mr. Tafoya brings the following claims: (1) he was provided inadequate notice of the charges against him; (2) the jury instructions improperly expanded the acts for which he could be found criminally liable; (3) the jury instructions improperly allowed for a non-unanimous verdict; (4) the trial court provided a factually erroneous jury instruction regarding an evaluation of the victim's mental health; and (5) the prosecutor engaged in misconduct by eliciting improper testimony from Ms. Vialpondo, asking the victim about one of the excluded alleged incidents, questioning the cost of Mr. Tafoya's defense, implying defense counsel was hiding evidence, asserting the victim's rights were superior to Mr. Tafoya's, asking Mr. Tafoya during cross-examination to assume he sexually abused the victim, and misstating her role as a defender of the victim. (Doc. 1 at 5-24). Mr. Tafoya argues these errors violated his Constitutional rights under the 5th, 6th, and 14th Amendments, including violation of his rights to due process and to effective assistance of counsel. *Id.*

On June 30, 2017, Respondent filed his response to the Petition, arguing that Mr. Tafoya's ineffective assistance of counsel claims had not been exhausted in the state courts. (Doc. 10 at 10-12). Because the Petition is "mixed," Respondent asked the Court to either dismiss the Petition without prejudice to allow Mr. Tafoya to exhaust those

claims or allow Mr. Tafoya to elect to dismiss his unexhausted claims and proceed on the merits of his remaining claims. *Id.* at 12. After requesting eight extensions of time to file a reply to Respondent's response, on February 22, 2018, Mr. Tafoya filed a *Notice of Election to Delete Ineffective Assistance of Counsel Claim from Petition of Writ of Habeas Corpus*, (Doc. 27), in which he agreed to dismiss his unexhausted ineffective assistance of counsel claims set forth in paragraphs 47 and 48 of the Petition. The Court thereafter entered an *Order for Supplemental Briefing*, (Doc. 28), setting deadlines for supplemental briefing to address the merits of Mr. Tafoya's remaining claims.

In Respondent's supplemental Response to the Petition, he argues that Mr. Tafoya is not entitled to relief on the merits on any of his remaining claims. First, Respondent contends Claims 2, 3, and 4 raise nothing more than non-cognizable state-law errors. (Doc. 29 at 6-8). In the alternative, Respondent argues the state court decisions on these claims were not contrary to, or an unreasonable application of, clearly established federal law, and were not based on an unreasonable determination of the facts. *Id.* at 7-8. Finally, Respondent contends the state court decisions regarding Claims 1 and 5 are not contrary to clearly established federal law and are not based on an unreasonable determination of the facts. *Id.* at 8-12. Therefore, Respondent argues Mr. Tafoya is not entitled to relief under 28 U.S.C. § 2254 and asks the Court to deny Mr. Tafoya's habeas petition with prejudice.

Mr. Tafoya requested five extensions of time to file a reply addressing Respondent's supplemental Response. (Docs. 30, 32, 34, 36, and 38). After granting four of those requests, and twice stating that no further extensions would be granted,

the Court denied Mr. Tafoya's fifth motion for an extension of time finding that Mr. Tafoya did not set forth good cause for granting another continuance. (Doc. 39). On October 4, 2018, Respondent filed a Motion for Judgment on the Pleadings, (Doc. 40), stating the Petition is ready for ruling based on the reasons set forth in Respondent's supplemental Response. Mr. Tafoya filed a response to that motion on October 22, 2018. (Doc. 43).

## II. Analysis

### A. *Governing Law and Standards of Review*

Under 28 U.S.C. § 2254, a person in state custody may petition a federal court for relief on the ground that his detention violates the United States Constitution or laws. § 2254(a). When a state court adjudicates a claim on the merits, § 2254 prohibits federal courts from granting habeas relief unless the state court judgment: (1) resulted in a decision contrary to or involved an unreasonable application of clearly established federal law as determined by the Supreme Court of the United States; or (2) resulted in a decision based on an unreasonable determination of the facts in light of the evidence presented. §§ 2254(d)(1)-(2). Federal courts must presume factual findings made by the state courts are correct, and a petitioner must present clear and convincing evidence to rebut that presumption. § 2254(e)(1).

A state court decision is "contrary to" clearly established law if it: (1) "applies a rule that contradicts the governing law set forth" in Supreme Court cases, or; (2) if it "confronts a set of facts that are materially indistinguishable" from a Supreme Court decision and "nevertheless arrives at a result different from" the Supreme Court decision. *Williams v. Taylor*, 529 U.S. 362, 405-06 (2000). Similarly, a state court

decision constitutes an "unreasonable application" of federal law when a state "unreasonably applies" Supreme Court precedent "to the facts of a prisoner's case." *Id.* at 409. The state court decision must be more than incorrect or erroneous. *Renico v. Lett*, 559 U.S. 766, 773 (2010) (citation and quotation omitted). Rather, the application "must be 'objectively unreasonable.'" *Id.* (quoting *Williams*, 529 U.S. at 409). This imposes a highly deferential standard of review, and state court decisions must be given the benefit of the doubt. *Id.*

### B. *Motion for Judgment on the Pleadings*

In his *Motion for Judgment on the Pleadings*, (Doc. 40), Respondent states the case is ready for ruling, and asks the Court to deny the Petition for the reasons stated in Respondent's supplemental Response. In response to this motion, Mr. Tafoya states that in his Petition he "set forth all available grounds and the basis for each and every claim and alleged specific facts to support each and every claim," and argues that his failure to file a timely reply to the Petition does not provide grounds for denying the Petition. (Doc. 43 at 2-4). Therefore, Mr. Tafoya asks the Court to deny Respondent's motion for judgment on the pleadings. *Id.* at 4.

Rule 8(a) of the Rules Governing Section 2254 Proceedings provides that, if the petition is not dismissed on preliminary review, "the judge must review the answer, any transcripts and records of state-court proceedings, and any materials submitted under Rule 7 to determine whether an evidentiary hearing is warranted." The petitioner bears the burden of proving the necessity of an evidentiary hearing. *See* 28 U.S.C. § 2254(e)(2); *Williams v. Taylor*, 529 U.S. 420, 429-30 (2000). For the reasons set forth below, the Court finds that the issues in this case can be resolved on the pleadings and

without the need for an evidentiary hearing. Therefore, the Court recommends that Respondent's *Motion for Judgment on the Pleadings*, (Doc. 40), be granted.

### C. Whether the State Courts' Decisions Violate § 2254(d)

#### 1. Inadequate Notice of Charges (Claim 1)

Mr. Tafoya first argues he was not provided adequate notice of the charges against him. (Doc. 1 at 5-13). He states he was charged with three pairs of identical charges, all within the same three-year period with no distinguishing characteristics. *Id.* at 5. Mr. Tafoya states he engaged in lengthy pretrial discovery and sought a Bill of Particulars to clarify the charges he was facing. *Id.* at 5-6. Nevertheless, Mr. Tafoya argues the state failed to distinguish the charges, and claimed it could charge three pairs of indistinguishable charges because the victim said each of the offenses happened multiple times. *Id.* at 6. Mr. Tafoya states that, based on the trial court's May 2006 order, he developed a defense "to counter the *specific* allegations of the *specific* distinct and identifiable incidents the [State district court's] Order assured would be at issue in trial." *Id.* at 9. Moreover, he prepared his defense "with the full understanding that the continuing course of conduct could not form the basis of any conviction at trial." *Id.* However, Mr. Tafoya argues that at trial the State presented non-specific testimony showing an ongoing pattern of conduct, in violation of the trial court's order. *Id.* at 9-10.

In addition, Mr. Tafoya contends the Court of Appeals erred on his direct appeal by not reversing all of the convictions arising from the state's charging pattern. *Id.* at 11 (citing *State v. Dominguez*, 2008-NMCA-029, 178 P.3d 834). By reversing only two of the convictions, Mr. Tafoya contends the Court of Appeals "retroactively nullified the trial court's May 8, 2006, Order, the jury instructions, and the understanding of the parties,

and convicted [Mr. Tafoya] of a continuing course of conduct." *Id.* Therefore, Mr. Tafoya argues he was convicted in violation of his right to due process. *Id.* at 12.

Respondent counters that Mr. Tafoya had adequate notice the State was pursuing a continuing course of conduct theory, specifically by the trial court's order stating that "'circumstances indicate that the alleged incidents were of a continuous nature as opposed to a few discreet or isolated events.'" (Doc. 29 at 9) (quoting Doc. 29-1 at 37). Respondent further argues the Court of Appeals correctly dismissed two counts of CSPM and upheld Mr. Tafoya's remaining convictions because they were sufficiently distinct and based on multiple events within the charging period. *Id.* Therefore, Respondent argues Mr. Tafoya fails to show that the state courts' decisions were contrary to established federal law or were based on an unreasonable determination of the facts. (Doc. 29 at 10).

"An indictment is sufficient if it sets forth the elements of the offense charged, puts the defendant on fair notice of the charges against which he must defend, and enables the defendant to assert a double jeopardy defense." *Tillman v. Cook*, 215 F.3d 1116, 1132 (10th Cir. 2000) (quoting *United States v. Dashney*, 117 F.3d 1197, 1205 (10th Cir. 1997)); *see Johnson v. Gibson*, 169 F.3d 1239, 1252 (10th Cir. 1999) ("A charging instrument may violate the Sixth Amendment by failing to provide a defendant with adequate notice of the nature and cause of the accusations filed against him."). An indictment is generally sufficient where it "set[s] forth an offense in the words of the statute itself, as long as those words themselves fully, directly, and expressly, without any uncertainty or ambiguity, set forth all the elements necessary to constitute the

offence intended to be punished." *Tillman*, 215 F.3d at 1132 (quoting *Hamling v. United States*, 418 U.S. 87, 117 (1974)).

While Mr. Tafoya claims he was not given adequate notice of the charges against him, the record shows that the prosecution and the trial court made extensive efforts to narrow the time frame and the specificity of the charges. For instance, the State district court clarified that the factual bases for the charges stemmed from four specific incidents, and it limited the prosecution to only present evidence that was tied to those four incidents. (Doc. 29-1 at 40-41) (prohibiting the State from eliciting evidence about the camping or first time incidents and from referring to criminal acts which did not occur during the relevant four incidents). In addition, while the Court of Appeals reversed two of the CSPM charges because the evidence at trial did not link each of those charges to a separate incident, the Court of Appeals found no due process violation regarding the way the State charged Mr. Tafoya. *Tafoya*, 2010-NMCA-010, ¶24. Specifically, the Court of Appeals found that Mr. Tafoya had adequate notice of the charges against him because the two CSCM counts were factually distinct, and because the remaining single counts of vaginal and anal CSPM were based on a pattern of conduct during the charging period for which Mr. Tafoya had notice and an opportunity to defend. *Id.* at ¶¶ 24, 30. The Court finds no error in the state courts' decisions on this issue and Mr. Tafoya does not argue that these decisions are contrary to clearly established federal law or were based on an unreasonable determination of the facts.

Mr. Tafoya also contends that he was wrongfully convicted on the basis of a continuing course of conduct. (Doc. 1 at 11-12). Contrary to Mr. Tafoya's assertion, however, the trial court did not exclude the continuing course of conduct theory and

instead stated that the "crimes alleged in the indictment can be pursued whether individually or in combination with each other," and that "circumstances indicate that the alleged incidents were of a continuous nature as opposed to a few discreet or isolated events." (Doc. 29-1 at 41). In addition, as explained by the Court of Appeals in Mr. Tafoya's direct appeal, New Mexico courts have held that a defendant can be convicted of a single charge on the basis of a continuing course of conduct when the State does not have specific evidence that would clearly distinguish multiple acts. *See Tafoya*, 2010-NMCA-010, ¶ 29 ("[W]e have repeatedly affirmed the principle that multiple incidents may be charged as a single count."); *Dominguez*, 2008-NMCA-029, ¶ 10 (finding the State could proceed with prosecution of a single count of abuse based only on a child's statements regarding the defendant's course of conduct); *State v. Gardner*, 2003-NMCA-107, ¶¶ 26-28, 76 P.3d 47 (holding that a victim's allegations supported one count for a pattern of conduct when they described "a continuing course of conduct under circumstances where [the defendant] . . . had frequent but unpredictable access to [the victim] such that the alleged contact occurred continuously and randomly"). Moreover, Mr. Tafoya does not argue that a conviction on the basis of a continuing course of conduct is contrary to established federal law.

Next, Mr. Tafoya contends the Court of Appeals erred by not reversing all six of his convictions, and relies on *State v. Dominguez*, 2008-NMCA-029. (Doc. 1 at 11). In *Dominguez*, the defendant was charged with ten identical counts of CSCM, and nothing in the indictment provided information that would distinguish one count from any other. *Dominguez*, 2008-NMCA-029, ¶ 2. The district court dismissed five of the counts, but found the State provided the defendant with sufficient notice of facts and circumstances

as to the remaining five charges and allowed the case to go forward on those five counts. *Id.* at ¶ 4. The Court of Appeals affirmed the district court's decision, stating that it would have violated the defendant's due process rights to have to defend against the five undifferentiated counts, but the remaining five counts were sufficiently linked to factually distinct incidents of abuse. *Id.* at ¶¶ 7, 10-11.

Here, the two counts of CSCM and the remaining two counts of CSPM are factually distinct charges. Moreover, as explained above, Mr. Tafoya was given sufficient notice that the charges against him were based on a continuing course of conduct, which was a proper basis for each of these four remaining charges. Therefore, while *Dominguez* supports the dismissal of the duplicate counts of vaginal and anal CSPM, it does not support Mr. Tafoya's contention that all six of his convictions should have been reversed.

Finally, while Mr. Tafoya does not specify how the state courts' decisions on this issue were contrary to clearly established federal law, the Tenth Circuit has considered improper joinder claims under the general fairness mandate of the due process clause. *See Lucero v. Kerby*, 133 F.3d 1299, 1314 (10th Cir. 1998). In *Lucero*, the Tenth Circuit considered the defendant's claim that two separate criminal indictments alleging dissimilar facts were improperly joined. *Id.* at 1313. The Tenth Circuit explained that improper joinder rises to the level of a constitutional violation only if it actually rendered the defendant's trial fundamentally unfair. This unfairness can be demonstrated when there is a great disparity in the amount of evidence underlying the joined offenses, when the jury is likely to confuse the evidence or infer a criminal disposition on the part of the defendant, or when the defendant demonstrates he was precluded from bringing

separate defenses for each offense. *Id.* at 1314-16. The Tenth Circuit further explained that "habeas petitioners challenging their state convictions under this general fairness mandate of the due process clause bear an onerous burden," and that, "[b]ecause of the significant procedural protection provided by direct review through the state system, we will not lightly conclude that state court proceedings were so arbitrary as to violate due process." *Id.* at 1314.

Here, evidence was elicited at trial from the victim and others regarding an ongoing pattern of conduct for each of the factually distinguishable counts of CSCM and CSPM, and Mr. Tafoya's defense was that none of the allegations happened and there was never an opportunity for them to happen. *See Tafoya*, 2010-NMCA-010, ¶¶19, 24; (Doc. 29-1 at 39). In addition, the jury was instructed that, to find Mr. Tafoya guilty on any particular count, it must unanimously agree that each count involved a separate and distinct act. (Doc. 29-1 at 45-50). Therefore, to the extent Mr. Tafoya is raising a general fairness due process claim, the Court finds he has not made a sufficient showing of a constitutional violation. Instead, Mr. Tafoya's claim is similar to *Lucero*, where the Tenth Circuit rejected the habeas due process claim because evidence was presented at trial linking the defendant to all of the offenses, there was nothing in the record to indicate the jury was confused about the separate charges, and the defendant's defenses on each count were not inconsistent. *See Lucero*, 133 F.3d at 1315; *see also Webber v. Scott*, 390 F.3d 1169, 1177-78 (10th Cir. 2004) (rejecting the defendant's habeas claim of unfairness due to improper joinder because evidence was presented at trial on all of the charges and the defendant denied involvement in any of the charges).

Based on the foregoing, the Court finds that Mr. Tafoya has not shown that the state courts' decisions regarding whether he was given adequate notice of the charges against him were contrary to or an unreasonable application of federal law or were based on an unreasonable determination of the facts. Therefore, the Court recommends this claim be denied.

## 2. *Claims Relating to Jury Instructions (Claims 2, 3, and 4)*

Next, Mr. Tafoya raises three claims relating to the jury instructions given in his state criminal proceeding. He contends the jury instructions were improper because they: (1) expanded the acts for which Mr. Tafoya could be found criminally liable; (2) allowed for a non-unanimous verdict; and (3) included a factually erroneous instruction regarding evaluation of the victim's mental health. (Doc. 1 at 13-18).

Respondent contends these claims are not cognizable under § 2254 for federal habeas relief because they merely challenge the manner in which the jury was instructed. (Doc. 29 at 6-7). Respondent argues that habeas relief based on erroneous jury instructions is warranted only where the error has caused the trial to become fundamentally unfair, and Mr. Tafoya has failed to make that showing. *Id.* at 7 (citing *Lujan v. Tanzy*, 2 F.3d 1031, 1035 (10th Cir. 1993)). In addition, Respondent states Mr. Tafoya has failed to show how the state courts' decisions on these claims are contrary to or involved an unreasonable application of clearly established federal law. *Id.* at 7-8.

A defendant is entitled to jury instructions "as to any recognized defense for which there exists evidence sufficient for a reasonable jury to find in [the defendant's] favor." *Mathews v. United States*, 485 U.S. 58, 63 (1988) (citing *Stevenson v. United States*, 162 U.S. 313 (1896)). However, federal habeas review of jury instructions is

quite limited, and the petitioner bears a heavy burden. *Maes v. Thomas*, 46 F.3d 979, 984 (10th Cir. 1995). It is not enough that an instruction is "undesirable, erroneous or even 'universally condemned'" under state law. *Esquibel v. Rice*, 13 F.3d 1430, 1432 (10th Cir. 1994) (quoting *Cupp v. Naughten*, 414 U.S. 141, 146 (1973)). Instead, when a petitioner asserts instructional error on collateral review, the petitioner must establish "the ailing instruction by itself so infected the entire trial that the resulting conviction violates due process." *Estelle v. McGuire*, 502 U.S. 62, 68 (1991).

### a. *CSPM Definition*

First, Mr. Tafoya argues the trial court expanded the meaning of criminal sexual penetration in the jury instructions to include insertion of an item into the vulva. (Doc. 1 at 14-15). He contends this instruction violated his constitutional rights because New Mexico's jury instructions define criminal sexual penetration as penetration of the vagina, and define the vulva as "numerous parts, only one of which was the opening of the vagina." *Id.* at 14 (citing Uniform Jury Instructions ("UJIs") 14-957, 14-982, 14-925, and 14-981 NMRA). He further contends the evidence presented at trial did not establish penetration of the vagina as defined by the UJIs. *Id.*

The trial court instructed the jury that it should find Mr. Tafoya guilty of CSPM for Counts 1 and 2 if it determined that he "caused the insertion to any extent, of a penis into the vagina and/or vulva" of the victim. (Doc. 29-1 at 45-46). In considering Mr. Tafoya's contention on direct appeal that this instruction constituted reversible error, the Court of Appeals noted that the UJIs at issue are intended to "reflect the law criminalizing sexual penetration of a minor as provided in [N.M.S.A. §] 30-9-11." *Tafoya*, 2010-NMCA-010, ¶ 41. The court further explained that it reviews jury instructions "as a

18

whole to determine whether they provide a correct statement of the law." *Id.* at ¶ 45

(citing *State v. Laney*, 2003-NMCA-144, ¶ 38, 81 P.3d 591 ("A jury instruction is proper,

and nothing more is required, if it fairly and accurately presents the law.")).

The court then reasoned that New Mexico appellate decisions have "indirectly

recognized that penetration of the vulva is a basis for a CSPM conviction," and that New

Mexico's CSP statutes were intended to codify the common law crime of rape, which

"recognizes that penetration of the vulva to any extent constitutes rape." *Id.* at ¶ 48

(citations omitted). The court further reasoned that other state courts have held that

CSP statutes are intended to include penetration of the vulva, and that inclusion of the

term "vulva" as part of the CSPM definition is consistent with other related provisions of

N.M.S.A. § 30-9-11(A), such as prohibition of penetration of the "genital or anal

openings of another." *Id.* at ¶¶ 49-50. Therefore, the court held that "[i]n light of the

historical recognition defining the common law crime of rape and a proper construction

of all the terms of Section 30-9-11(A)," penetration of the vulva constitutes CSPM and

the instruction given by the district court accurately reflected statutory law. *Id.* at ¶ 51.

On review, the Court finds that Mr. Tafoya has not shown that the trial court

expanded the meaning of criminal sexual penetration by giving a jury instruction that

included the term "vulva" as part of the definition of CSPM. To the contrary, as

explained by the Court of Appeals, penetration of the vulva can be the basis for a CSPM

conviction in New Mexico. *Id.* at ¶¶ 48-50. Therefore, the Court finds that this jury

instruction did not "by itself so infect[] the entire trial that the resulting conviction violates

due process." *Cupp*, 414 U.S. at 147. Accordingly, neither the trial court's nor the Court

of Appeals' decisions were contrary to or an unreasonable application of clearly established federal law, and the Court recommends this claim be denied.

b. _Unanimity Instruction_

Next, Mr. Tafoya argues the trial court erred in its instructions to the jury regarding unanimity as to the verdict. (Doc. 1 at 15-17). He states he proposed jury instructions that would have required the jury to unanimously agree as to the particular act committed, that the act occurred during a particular incident, and that the "act was separate and distinct from any other act that formed the basis of guilt for any other guilty verdict." _Id._ at 16. However, Mr. Tafoya states the trial court rejected his proposed instructions and instead instructed the jury that it must only unanimously agree that an act of conviction was separate and distinct from another act of conviction. _Id._ It did not require the jury to unanimously agree as to the act that formed the basis of a finding of guilt for any particular count. _Id._ Mr. Tafoya argues these instructions contradicted earlier rulings by the trial court and violated his constitutional rights. _Id._ at 17.

First, the Court notes the deferential standard of review under § 2254(d) only applies to habeas claims that were decided on the merits in state court proceedings. If the state court did not adjudicate a claim on the merits, and the claim is not otherwise procedurally barred, the state court's findings of fact are afforded a presumption of correctness and both legal conclusions and mixed questions of law and fact are reviewed _de novo. Cole v. Trammell_, 755 F.3d 1142, 1148 (10th Cir. 2014).

Here, on Mr. Tafoya's direct appeal, the Court of Appeals declined to address his challenge to the trial court's unanimity instruction because he cited no legal authority in support of the claim. _Tafoya_, 2010-NMCA-010, ¶ 53. However, Mr. Tafoya raised this

claim again in his habeas petition to the State district court, and in his petition for a writ of certiorari to the New Mexico Supreme Court. (Doc. 29-5 at 35) and (Doc. 29-7 at 12). While the State district court and the New Mexico Supreme Court both summarily denied this claim, *see* (Doc. 29-6 at 90-99) and (Doc. 29-7 at 100), a state court's decision is "on the merits" for purposes of § 2254 review even when it denies a claim "without an accompanying statement of reasons." *Murphy v. Royal*, 875 F.3d 896, 925 (10th Cir. 2017) (quoting *Harrington v. Richter*, 562 U.S. 86, 99 (2011)) (stating "it may be presumed that the state court adjudicated the claim on the merits in the absence of any indication or state-law procedural principles to the contrary"). Therefore, the Court will consider this claim under the deferential § 2254(d) standard. *See Renico*, 559 U.S. at 773 (explaining that collateral review of state court decisions on the merits must be "highly deferential").

"A general instruction on the requirement of unanimity suffices to instruct the jury that they must be unanimous on whatever specifications they find to be the predicate of the guilty verdict." *United States v. Linn*, 31 F.3d 987, 991 (10th Cir.1994) (quoting *United States v. Sasser*, 971 F.2d 470, 477 (10th Cir. 1992)). Here, the trial court instructed the jury that it must unanimously agree that an act of conviction was separate and distinct from another act of conviction. (Doc. 29-1 at 45-50).

Mr. Tafoya argues the trial court erred by not requiring the jury to unanimously agree as to each act that formed the basis of a finding of guilt and that each of those acts occurred during a particular incident. (Doc. 1 at 16). However, the trial court did not limit the parameters of this case so narrowly. In its May 2006 Order, the trial court explained that the factual bases for the charges were four specific incidents and that it

would be appropriate for the State to elicit evidence or testimony about the number of acts or combination of acts related to those specified incidents. (Doc. 29-1 at 41). Nevertheless, the trial court further explained that the "crimes alleged in the indictment can be pursued whether individually or in combination with each other," and that "circumstances indicate that the alleged incidents were of a continuous nature as opposed to a few discreet or isolated events." *Id.* at 37, 41. Accordingly, contrary to Mr. Tafoya's assertion, the trial court did not require the State to establish that a specific act occurred during a specific incident in order to convict.

Moreover, as explained above, it was not improper for Mr. Tafoya to be convicted on the basis of a continuing course of conduct, as long as he was not convicted for multiple indistinguishable charges on that basis. *See Tafoya*, 2010-NMCA-010, ¶ 29 ("[W]e have repeatedly affirmed the principle that multiple incidents may be charged as a single count."); *Dominguez*, 2008-NMCA-029, ¶ 10 (finding the State could proceed with prosecution of a single count of abuse based only on a child's statements regarding the defendant's course of conduct). Therefore, other than the duplicate charges of vaginal and anal CSPM which the Court of Appeals reversed, Mr. Tafoya's convictions for four factually separate charges on the basis of a continuing course of conduct were not in error.

Based on the foregoing, the Court finds that the trial court's instruction that the jury must unanimously agree that each act of conviction was separate and distinct from another act of conviction satisfies the Tenth Circuit's unanimity requirement. Therefore, the trial court did not err in denying Mr. Tafoya's jury instructions requiring unanimity as

to the particular acts and when they occurred, and the Court recommends this claim be denied.

### c. _Psychological Evaluation Instruction_

Third, Mr. Tafoya claims the trial court erred in a jury instruction regarding the victim's mental health. (Doc. 1 at 17-18). He states the trial court denied his request under N.M.S.A. § 30-9-18 for an independent psychological evaluation of the victim, and the State did not procure an evaluation on its own. _Id._ at 17. During jury deliberations, the jury submitted a question to the court asking whether the victim had ever been subjected to psychological evaluation. _Id._ at 18. Over Mr. Tafoya's objection, the trial court instructed the jury that "since June 6, 2006, any issues relating to testing and/or evaluations if any have been subject to the jurisdiction of the Court." _Id._ The trial court further instructed the jury "not to speculate regarding the existence or nonexistence of testing and/or evaluations." _Tafoya_, 2010-NMCA-010, ¶ 37. Mr. Tafoya argues this instruction was inaccurate because only the defense request for an evaluation was subject to the court's jurisdiction and the State was not prohibited from independently obtaining an evaluation. (Doc. 1 at 18).

On direct appeal, the Court of Appeals rejected this claim, stating: "The district court's statement did not communicate anything to the jury about whether either party was permitted to or forbidden from interviewing [the victim]." _Tafoya_, 2010-NMCA-010, ¶ 38. Alternatively, the Court of Appeals found that "to the extent the district court's statement could be considered a statement of fact about which parties were controlled by its pretrial order, [Mr. Tafoya] has cited no authority that the district court's incorrect factual statement warrants an automatic reversal." _Id._

The Court agrees with the Court of Appeals that the trial court's statement did not communicate anything to the jury about whether either party had evaluated or was permitted to evaluate the victim. Moreover, even if the trial court's statement was incorrect regarding its control over the State's ability to procure a psychological evaluation, Mr. Tafoya does not explain how this statement affected the trial. When a petitioner asserts instructional error on collateral review, the petitioner must establish "the instruction by itself so infected the entire trial that the resulting conviction violates due process," and it is not enough that an "instruction is undesirable, erroneous or even 'universally condemned,'" under state law. *Estelle*, 502 U.S. at 68; *Esquibel*, 13 F.3d at 1432. Absent such a showing by Mr. Tafoya, the Court finds no error in the state courts' decisions on this claim, and recommends the claim be denied.

### 3. *Prosecutorial Misconduct (Claim 5)*

Mr. Tafoya's final claim is that the prosecutor engaged in misconduct. First, Mr. Tafoya argues the prosecutor improperly elicited testimony from Ms. Vialpondo, the nurse who conducted a sexual assault examination of the victim. (Doc. 1 at 19-23). Mr. Tafoya states that he initially understood Ms. Vialpondo was going to testify about physical evidence uncovered during the examination. *Id.* at 19. However, Mr. Tafoya's counsel states the prosecutor told him during a phone call that she intended to call Ms. Vialpondo to repeat the statements made to Ms. Vialpondo by the victim. *Id.* at 20.

At trial, over the objections of the defense, the State called Ms. Vialpondo to testify as an expert in child sexual abuse examination. *Id.* at 21. In her testimony, Ms. Vialpondo stated that most of her interview with the victim was directly quoted in her notes, which she referenced throughout her testimony. *Id.* at 21-23. Mr. Tafoya states

the prosecutor asked Ms. Vialpondo about specific questions posed to the victim and the victim's answers to those questions, and the prosecutor relied on the victim's statements to Ms. Vialpondo to establish substantive evidence of the charged crimes. *Id.* at 23. Mr. Tafoya contends the prosecutor knew Ms. Vialpondo's testimony was not admissible. *Id.*

In addition, Mr. Tafoya brings several cursory allegations that the prosecutor sought to influence the trial in the following ways: (1) asking the victim about one of the excluded alleged incidents; (2) questioning the cost of Mr. Tafoya's defense; (3) implying defense counsel was hiding evidence at trial; (4) asserting the victim's rights were superior to Mr. Tafoya's; (5) asking Mr. Tafoya during cross-examination to assume he sexually abused the victim; and (6) misstating her role as a defender of the victim. *Id.* at 24. Mr. Tafoya argues the prosecutor's misconduct violated his constitutional right to due process. *Id.*

Respondent counters that the trial court sustained defense counsel's objections to the prosecutor's comments and required the prosecutor to withdraw the question about the cost of the defense. (Doc. 29 at 10-11). Respondent further argues the state courts' decisions on Mr. Tafoya's prosecutorial misconduct claims were not unreasonable or contrary to clearly established federal law and were not based upon an unreasonable determination of the facts. *Id.* at 11-12.

Under federal law, "[w]here prosecutorial misconduct does not implicate a specific constitutional right, improper remarks require reversal of a state conviction only if the remarks so infected the trial with unfairness as to make the resulting conviction a denial of due process." *Bland v. Sirmons*, 459 F.3d 999, 1024 (10th Cir. 2006)

(quotation omitted). This is a demanding standard and "not every improper or unfair remark made by a prosecutor will amount to a federal constitutional deprivation." *Tillman*, 215 F.3d at 1129; *see also Darden v. Wainwright*, 477 U.S. 168, 181 (1986) ("[I]t is not enough that the prosecutors' remarks were undesirable or even universally condemned."), and *Bland*, 459 F.3d at 1024 ("The ultimate question is whether the jury was able to fairly judge the evidence in light of the prosecutors' conduct."). To determine whether a prosecutor's improper statements violate a petitioner's due process rights, the court must "examine the entire proceeding, 'including the strength of the evidence against the petitioner, both as to guilt at that stage of the trial and as to moral culpability at the sentencing phase' as well as 'any cautionary steps - such as instructions to the jury - offered by the court to counteract improper remarks.'" *Bland*, 459 F.3d at 1024 (quoting *Le v. Mullin*, 311 F.3d 1002, 1013 (10th Cir. 2002)).

a. *Ms. Vialpondo's Testimony*

At trial, the State district court ruled that Ms. Vialpondo's statements were admissible under Rule 11-803(D) NMRA as an exception to the hearsay rule for statements that are made for the purpose of medical diagnosis or treatment. *Tafoya*, 2010-NMCA-010, ¶ 31. The Court of Appeals found that the trial court did not err in this ruling because Ms. Vialpondo's statements fell within the parameters of Rule 11-803(D). *Id.* at ¶¶ 33-36. The Court of Appeals reasoned that Ms. Vialpondo testified that she is a family nurse practitioner trained to assess, diagnose, and treat illnesses, she works at a pediatric specialty clinic, and, when the victim's mother brought her in for an examination, Ms. Vialpondo talked to the victim about why she was there and then performed an examination. *Id.* at ¶ 35. The Court of Appeals, therefore, found that Ms.

Vialpondo's primary role was to diagnose or treat medical conditions, not to collect evidence for law enforcement purposes. *Id.* at ¶ 36.

Mr. Tafoya claims the prosecutor improperly elicited this testimony because she told Mr. Tafoya's counsel during a phone call that she intended to call Ms. Vialpondo to repeat the statements made by the victim, and that the prosecutor knew Ms. Vialpondo's testimony was not admissible. (Doc. 1 at 20-23). However, both the trial court and the Court of Appeals found that Ms. Vialpondo's testimony was admissible, and Mr. Tafoya fails to provide any support for a finding that these decisions were in error. Mr. Tafoya also fails to show how the prosecutor's alleged statement made in a phone call to Mr. Tafoya's counsel could have resulted in an unfair trial. *See, e.g., Darden*, 477 U.S. at 182 (finding no prosecutorial misconduct where the prosecutor's statements "did not manipulate or misstate the evidence"), and *Smith v. Phillips*, 455 U.S. 209, 219 (1982) ("The touchstone of due process analysis in cases of alleged prosecutorial misconduct is the fairness of the trial, not the culpability of the prosecutor."). Therefore, the Court finds that the state courts' decisions on this issue are neither contrary to clearly established federal law, nor an unreasonable determination of the facts, and recommends this claim be denied.

### b.  *Remaining Prosecutorial Misconduct Claims*

Mr. Tafoya's remaining prosecutorial misconduct claims are that the prosecutor improperly sought to influence the trial by: (1) asking the victim about one of the excluded alleged incidents; (2) questioning who was paying for Mr. Tafoya's defense; (3) implying that defense counsel was hiding evidence at trial; (4) asserting the victim's rights were superior to Mr. Tafoya's; (5) asking Mr. Tafoya during cross-examination to

assume he sexually abused the victim; and (6) misstating her role as a defender of the victim. (Doc. 1 at 24). In considering these claims on direct appeal, the Court of Appeals explained that "[a]n isolated, minor impropriety ordinarily is not sufficient to warrant reversal . . . because a fair trial is not necessarily a perfect one." *Tafoya*, 2010-NMCA-010, ¶ 54 (quoting *State v. Allen*, 2000-NMSC-002, ¶ 95, 994 P.2d 728). The Court of Appeals further stated that "[p]rosecutorial misconduct rises to the level of fundamental error when it is so egregious and had such a persuasive and prejudicial effect on the jury's verdict that the defendant was deprived of a fair trial." *Id.*

Using that standard, the Court of Appeals found no reversible error for the prosecutor's alleged misconduct. The Court of Appeals found that the trial court correctly required the prosecutor to withdraw her question to Mr. Tafoya's mother about paying Mr. Tafoya's defense fees and instructed her to ask the witness in another manner about any bias she may have for Mr. Tafoya. *Id.* at ¶ 55-56. Similarly, the Court of Appeals found that the trial court properly sustained defense counsel's objections to the prosecutor's questions to Mr. Tafoya asking him to assume he had sexually abused the victim, and regarding the defense's disclosure of evidence. *Id.* at ¶¶ 57, 59. As for the rest of Mr. Tafoya's prosecutorial misconduct claims, the Court of Appeals found they did not deprive Mr. Tafoya of a fair trial. *Id.* at ¶ 60 (finding the prosecutor's comments were "isolated and did not involve the introduction of significant improper evidence that should have swayed the jury on the essential issues in the case").

The Court finds no error in the state courts' decisions regarding the prosecutor's statements at trial, and Mr. Tafoya provides no support for a finding that these statements rendered his trial fundamentally unfair. *Hall v. Bellmon*, 935 F.2d 1106, 1110

(10th Cir. 1991) ("[C]onclusory allegations without supporting factual averments are insufficient to state a claim on which relief can be based."). Therefore, the Court finds the state courts' decisions on these claims are neither contrary to clearly established federal law, nor an unreasonable determination of the facts, and recommends these claims be denied.

### III. Conclusion

For the foregoing reasons, the Court finds that Mr. Tafoya has not established that the state courts' decisions in this case were contrary to or unreasonable applications of clearly established federal law, or that they were based on unreasonable determinations of fact in light of the evidence presented. The Court therefore **RECOMMENDS** that *Respondent's Motion for Judgment on the Pleadings, Pursuant to Federal Rule of Civil Procedure 12(c)*, (Doc. 40), be **GRANTED**; Mr. Tafoya's *Petition for Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2254*, (Doc. 1), be **DENIED**; and that this case be **DISMISSED WITH PREJUDICE.**

---

**THE PARTIES ARE FURTHER NOTIFIED THAT WITHIN 14 DAYS OF SERVICE** of a copy of these Proposed Findings and Recommended Disposition they may file written objections with the Clerk of the District Court pursuant to 28 U.S.C. § 636(b)(1). **A party must file any objections with the Clerk of the District Court within the fourteen-day period if that party wants to have appellate review of the proposed findings and recommended disposition. If no objections are filed, no appellate review will be allowed.**

---

_____
THE HONORABLE CARMEN E. GARZA
CHIEF UNITED STATES MAGISTRATE JUDGE